UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

**In Re**

JOSE CARRANZA and
ELIZABETH A. CARRANZA,

**Bankruptcy Case
No. 10-40797-JDP**

**Debtors.**

_____

**MEMORANDUM OF DECISION**

_____

### Introduction

Chapter 7[1] debtors, Jose and Elizabeth Carranza ("Debtors"), filed a motion seeking, through the operation of § 522(f), to avoid a "judicial lien" "recorded" against two vehicles. The Court has considered the Debtors' submissions and the applicable law. This Memorandum explains why the motion must be denied.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

MEMORANDUM OF DECISION - 1

**Facts**

According to their motion, on October 23, 2009, Debtor's creditor, Idaho Power ("Creditor"), recorded a "judicial lien" in the amount of $7,874.68. Debtors' Brief at 2, Docket No. 44. The lien was, apparently, recorded in some index as "Instrument No. 1347446," though it is unclear from Debtors' motion or brief where.[2]

Debtors' motion and brief are also unclear and inconsistent in regards to what items of their property Debtors allege the lien to have affixed. For example, Debtors' brief in support of its motion states: "the creditor recorded a judicial lien against debtor's titled property a [sic] 1994 Chevy Suburban and 1994 pick up truck." Debtors' Brief at 2, Docket No. 44. However, the brief also represents that "[i]n the case at bar, [Creditor] has a general, recorded judicial lien that is not attached to any specific property." *Id.* at 3.

---

[2] Debtors' state that the "lien is entered of record as follows: Bonneville County Case No.: CV-2009-5136, recorded as Instrument No.: 1347446, in the amount of $7,874.86." Debtors' Brief at 2, Docket No. 44. While the Court speculates the judgment was recorded in the county real property records, this can not be determined for sure from allegations in the motion.

MEMORANDUM OF DECISION - 2

No copies of the recorded lien and no additional details regarding the lien were provided to the Court, other than assertions in Debtors' motion and brief that the lien appears to stem from a Bonneville County lawsuit, it has been recorded somewhere, it is in the amount of $7,874.68, and it may or may not affect property of the Debtors, including Debtors' motor vehicles. Debtors have requested that the Court allow them to avoid the "judicial lien" under § 522(f)(1)(A), arguing that the lien impairs Debtors' exemptions claimed for their motor vehicles.

## Discussion

1. <u>Specificity of Debtors' motion.</u>

A debtor seeking to avoid a lien that has fixed on otherwise exempt property must do so by motion. *See* § 522(f); Rule 4003(d); *In re Casey*, 96.2 I.B.C.R. 73, 74 (Bankr. D. Idaho 1996). Per the Local Bankruptcy Rules adopted in the District of Idaho:

> All 11 U.S.C. § 522(f) lien avoidance motions shall contain a specific description of the lienholder's interest to be avoided including, where applicable, the instrument number and the recording governmental unit. The motion shall

MEMORANDUM OF DECISION - 3

> also specify the statutory exemption that is impaired and the creditor's name.

L.B.R. 4003.2(a). The reason for requiring additional specificity for § 522(f) motions is to avoid "factually incomplete, vague, or ambiguous" motions. L.B.R. 4003.2, Advisory Committee Notes. In this regard, a debtor's counsel is advised by the Committee to consider:

> (i) attaching accurate and legible copies of all documents evidencing the lienholder's interest to be avoided, and the basis of perfection of any lien or security interest;
> (ii) attaching copies of recorded documents, if any documents are recorded with the county recorder, secretary of state, or other lawfully designated recording agency; and
> (iii) describing specifically the property upon which the lien is claimed and to be avoided.

*Id.*

The motion in this case lacks the sort of specificity necessary in order for the Court to grant any relief. The motion lacks not only the information suggested by the Advisory Committee Notes, but also the specific information mandated by L.B.R. 4003.2 itself. The fact that Debtors' motion and brief do not conform to the requirements of a proper

MEMORANDUM OF DECISION - 4

§ 522(f) lien avoidance motion is sufficient reason, by itself, for the Court to deny Debtors' request for avoidance. *See In re Casey*, 96.2 I.B.C.R. at 74.

2. <u>Lien is not affixed to Debtors' motor vehicles.</u>

Debtors, by arguing that the recorded lien may potentially, at some point in time, be enforced against their motor vehicles, seek to avoid Creditor's judicial lien pursuant to § 522(f). *See* Debtors' Brief at 3–4, Docket No. 44. Section 522(f) allows a debtor to "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." § 522(f). Per that language, the avoided lien must be fixed on an interest of the debtor. To "fix" a lien on an interest means to "fasten a liability upon" the interest or to establish the lien on the interest. *See Farrey v. Sanderfoot*, 500 U.S. 291, 296 (1991); BLACK'S LAW DICTIONARY 712 (9th ed. 2009). For a debtor to avoid a lien under § 522(f), there must be a lien connected to a particular property interest of the debtor, and the debtor must be able to claim an exemption in the property that would, otherwise, be impaired without lien avoidance.

MEMORANDUM OF DECISION - 5

The Debtors have claimed an exemption in their motor vehicles. If Creditor's alleged lien had attached to the motor vehicles, § 522(f) may have been an appropriate tool for preserving Debtors' exemption and avoiding the lien. *See Farrey*, 500 U.S. at 297 ("Congress enacted § 522(f) with the broad purpose of protecting the debtor's exempt property."). In this case, however, Debtors have not demonstrated that any judicial lien has fixed on Debtors' motor vehicles.

As noted, Debtors' motion and brief are inconsistent in regards to the property to which the lien attaches. At one point, Debtors claim that the lien is "recorded . . . against" the Debtors' motor vehicles. Debtors' Brief at 2, Docket No. 44. Later, Debtors state that the lien is "not attached to any specific property." *Id.* at 3. Regardless of the discrepancy, there is no indication that the lien has attached to Debtors' motor vehicles. To correctly execute a judgment lien in Idaho on a debtor's personal property, a creditor must first have a writ of execution issued and directed to the sheriff for the enforcement of the judgment. Idaho Code §§ 11-102, 11-104. The sheriff must then execute the writ by levying on (*i.e.,* seizing and

MEMORANDUM OF DECISION - 6

                    Document      Page 7 of 7


taking possession of) the debtor's property. *Id.* § 11-301. There is no indication in the record that Creditor has taken any action to enforce the judgment against Debtors' vehicles, nor that its judgment lien has attached to the vehicles.[3]

## Conclusion

Debtors' motion and brief do not comply with the requirements of L.B.R. 4003.2. In particular, Debtors have not shown that Creditor holds a lien that has affixed as to Debtors' motor vehicles. Debtors' motion will be denied by separate order.

Dated: October 12, 2010

_____

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[3] Of course, to the extent Creditor holds no valid lien on Debtors' property on the date the petition is commenced, Creditor will thereafter be precluded by the discharge issued in Debtors' favor under § 524 from acting to enforce that judgment.

MEMORANDUM OF DECISION - 7